UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

PATRICK J. HOPKINS, :
    Petitioner, :
 :
    v. : No. 2:15-cv-01652
 :
SUPT. SCI-BENNER-TWP, *et al.*; :
THE DISTRICT ATTORNEY OF THE :
COUNTY OF PHILADELPHIA COUNTY; and :
THE ATTORNEY GENERAL OF :
THE STATE OF PENNSYLVANIA, :
    Respondents. :
_____

## O R D E R

**AND NOW**, this 8th day of July, 2019, after review[1] of Petitioner Patrick Hopkins' petitions for writ of habeas corpus, ECF Nos. 1, 11; the Response thereto, ECF No. 19; Petitioner's traverse, ECF No. 20; the state court records; and the Report and Recommendation ("R&R") of Magistrate Judge David R. Strawbridge, ECF No. 42;[2] **IT IS HEREBY ORDERED THAT**:

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

[2] The Court has also reviewed the entire federal record, including the 2015 Report and Recommendation, the Order adopting the same and staying the case to allow Petitioner to

1. The Report and Recommendation, ECF No. 9, is **ADOPTED in part**;[3]

2. The petitions for writ of habeas corpus, ECF Nos. 1 and 11, are **DISMISSED with**[4] **prejudice**;

3. There is no basis for the issuance of a certificate of appealability;[5] and

4. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

exhaust state court proceedings, and Petitioner's subsequent filings regarding reopening the federal habeas proceedings and PCRA [Post Conviction Collateral Relief Act] court delay.

[3] The Court agrees with the Magistrate Judge's assessment of Petitioner's first, second, and fourth grounds for relief for the reasons set forth in the R&R. *See also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (holding that the "[i]nadequate assistance of counsel *at initial-review collateral proceedings* may establish cause for a prisoner's procedural default of a claim of ineffective assistance *at trial*" (emphasis added)); *Edwards v. Marsh*, No. 15-cv-5615, 2018 U.S. Dist. LEXIS 101551, at *16 (E.D. Pa. June 15, 2018) (explaining that "*Martinez* does not extend to procedurally defaulted claims of ineffective assistance of appellate counsel"). As to the third ground, although the Magistrate Judge's conclusions were correct at the time the R&R was issued, the passage of time now dictates a different result. The Magistrate Judge correctly concluded that Petitioner did not exhaust his third claim for relief and, at that time, had approximately one month remaining to seek review in the state courts. *See* R&R 10 n.6 (stating, on March 29, 2019, that Petitioner had one year from the date the state court judgment became final, which would be ninety days after January 23, 2018, to file a successive PCRA petition). Because the remaining month has since passed and Petitioner, according to his state court dockets, did not file a successive PCRA petition, the third ground for relief is also procedurally defaulted for the reasons discussed in the R&R regarding the first and second grounds.

[4] Although the R&R recommends that the habeas petition be dismissed without prejudice based on the presence of an unexhausted claim, because this Court finds that all habeas claims are either procedurally defaulted or not cognizable, dismissal is appropriately with prejudice. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (holding that federal courts should dismiss a habeas petition with unexhausted claims without prejudice, but should dismiss a petition with procedurally defaulted claims with prejudice).

[5] "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA [certificate of appealability] must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made this showing.